**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Lane Demarais, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Bureau of Indian Affairs, | ) | |
| Three Affiliated Tribes, | ) | |
| Fort Berthold Agency, and | ) | |
| Nelson Heart, Property Custodian, Fort | ) | |
| Berthold Agency, | ) | |
| | ) | Case No. 4:09-cv-032 |
| Defendants. | ) | |

Plaintiff is an inmate at FCI Talladega. He initiated the above-entitled action on July 23, 2009, by filing with the court a complaint pursuant to 42 U.S.C. § 1983 along with a request to proceed *in forma pauperis*. On August, 4, 2009, the court granted the request to proceed *in forma pauperis*, but directed the clerk not to serve the complaint until the court conducted its screening pursuant to 28 U.S.C. § 1915A.

In his complaint, Demarais names the following as defendants:

1. Bureau of Indian Affairs;

2. Three Affiliated Tribes;

3. Fort Berthold Agency; and

4. Nelson Heart, property custodian, Fort Berthold Agency.

It is not entirely unclear, however, who Demarais in intending to sue with respect to the "Fort Berthold Agency" and Nelson Heart, as property custodian of the "Fort Berthold Agency." Absent some clarification from Demarais, the court will presume the "Fort Berthold Agency" refers to that

1

agency which is a part of the Bureau of Indian Affairs and that Nelson Heart is, or was at the time relevant to this matter, an employee of the "Fort Berthold Agency," a part of the Bureau of Indian Affairs. Also, as required by Eighth Circuit precedent, it will be presumed that Nelson Heart is being sued in his official capacity only, given that the complaint does not state he is being sued in both his individual and official capacities. See, e.g., Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007); Johnson v. Outboard Marine Corporation, 172 F.3d 531, 535 (8th Cir. 1999).

While not a model of clarity, the court will presume for purposes of its § 1915A screening that Demarais is making the following claims pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Fed. R. Crim. P. 41:

1. A claim for return of the $7,357.00 allegedly seized from him, and

2. A claim for damages in the amount of $ 7,357.00 in the event the seized money cannot be returned.

Also, it will be presumed Demarais is seeking costs, interest, and punitive damages.

Prior to the court conducting its § 1915A screening and, more significantly, prior to the service of the lawsuit on any party, the United States filed a motion to dismiss for lack of jurisdiction on behalf of the Bureau of Indian Affairs. While the filing of the motion might very well have constituted a general appearance and waiver of service of process, the court will consider the motion to be premature at this point in order to avoid unnecessary jurisdictional complications.[1] The court also observes that the motion does not address the Fort Berthold Agency or Nelson Heart, and it is unclear what the wishes of the United States are with respect to these two defendants, if any.

---

[1] The United States may very well have intended to dispense with service and filed the motion in order to expedite consideration of a matter that it believes should be summarily dismissed. The court appreciates the cooperation of the United States in past cases in terms of resolving service issues in *pro se* cases. Also, commendable is its diligence in monitoring the court's docket to avoid inadvertent defaults.

The court notes that Demarais did not file a response to the motion to dismiss. While it may have been unnecessary for him to have done so given the circumstances, the court is concerned that the lack of a response might be an indication he no longer wishes to pursue the action, particularly given what the United States has indicated in its filings that it is does not have the money, its assertion of sovereign immunity, and the difficulty Demarais may have in suing the Three Affiliated Tribes because of the potential for tribal immunity.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Demarais is hereby required to file with the clerk a statement that he wishes to proceed with this action within thirty days. If Demarais fails to file the required statement, Demarais will be deemed to have abandoned the action and it will be dismissed without prejudice.

2. Absent Demarais providing information to the contrary, the court will presume (1) that defendant "Fort Berthold Agency" is a part of the Bureau of Indian Affairs (which, in turn, is part of the Department of the Interior, a department of the United States government) and (2) that defendant Nelson Heart is, or was, an employee of the Bureau of Indian Affairs.

3. It will be presumed that Nelson Heart is being sued only in his official capacity, absent the filing of an amended complaint stating differently. If Nelson Heart is sued in his individual capacity, Demarais must provide the Clerk with information as to his whereabouts so that the Clerk can effectuate service of process upon him, which likely will not be required if he is sued only in his official capacity.

4. The claims set forth above will be those that will be screened by the court pursuant to § 1915A if the action is not dismissed.

5. Following the court's screening, the Clerk will contact the United States Attorney regarding service if the court permits any claims to go forward against the federal defendants.

6. The motion of the United States will not be acted upon until the United States makes clear that it is waiving service upon one or more of the federal defendants and the United States thereafter either files a renewal of the motion or a new motion. No renewal of the motion or new motion shall be filed, however, until the court completes its screening order and the Clerk has contacted the United States Attorney about service.

7. Demarais need not respond to the motion of the United States to dismiss until the motion has been renewed or a new motion has been filed.

Dated this 10th day of December, 2009.

                                         */s/ Charles S. Miller, Jr.*
                                         Charles S. Miller, Jr.
                                         United States Magistrate Judge